IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| COMMONWEATH PROPERTY ADVOCATES, LLC, <br><br>Plaintiff, <br><br>vs. <br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and JOHN DOES OF UNKNOWN NUMBER, <br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS <br><br><br><br>Case No. 2:10-CV-340 TS |

This matter is before the Court on Defendant Mortgage Electronic Registrations Systems, Inc.'s ("MERS") Motion to Dismiss Plaintiff's Complaint pursuant to FED.R.CIV. P. 12(b)(6). For the reasons set forth below, the Court will grant the Motion and dismiss the Complaint with prejudice.[1]

---

[1] Plaintiff has dismissed its claims against the John Doe Defendants. *See* Docket No. 11.

I.  STANDARD OF REVIEW

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[2]  Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face."[3]  All well-pleaded factual allegations in the amended complaint are accepted as true and viewed in the light most favorable to the nonmoving party.[4]  But, the court "need not accept . . . conclusory allegations without supporting factual averments."[5]  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[6]  The Supreme Court has explained that a plaintiff must "nudge[ ][his] claims across the line from conceivable to plausible" to survive a motion to dismiss.[7]

> Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give

---

[2] *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

[3] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

[4] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[5] *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

[6] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[7] *Twombly*, 550 U.S. at 547.

the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims.[8]

The Supreme Court recently provided greater explanation of the standard set out in *Twombly* in *Ashcroft v. Iqbal*.[9] In *Iqbal*, the Court reiterated that while FED.R.CIV.P. 8 does not require detailed factual allegations, it nonetheless requires "more than unadorned, the-defendant-unlawfully harmed-me accusation[s]."[10] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"[11] "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[12]

The Court in *Iqbal* stated:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief.

---

[8] *The Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

[9] 129 S.Ct. 1937 (2009).

[10] *Id*. at 1949.

[11] *Id*. (quoting *Twombly*, 550 U.S. at 555).

[12] *Id*. (quoting *Twombly*, 550 U.S. at 557).

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.[13]

## II. FACTUAL BACKGROUND

On or about January 24, 2007, Plaintiff's "predecessor in title," Vicki Parsons, borrowed $247,200.00 from American Sterling Bank secured by property located in Bountiful, Utah ("Note 1").[14] In conjunction with this transaction, Plaintiff executed a deed of trust which was recorded on January 30, 2007 ("Deed of Trust 1").[15] Also on January 24, 2007, Parsons executed a second promisory note in the amount of $61,800 in favor of American Sterling Bank ("Note 2").[16] Note 2 is secured by the same property, evidenced by a Deed of Trust recorded on January 30, 2007 ("Deed of Trust 2").[17]

Parsons' Deed of Trust 1 and Deed of Trust 2 designate Defendant MERS as the beneficiary to act as "nominee for Lender and Lender's successors and assigns."[18] In defining MERS authority under the Deeds, the Deeds provide:

---

[13] *Id*. at 1949-50 (internal quotation marks and citations omitted).

[14] Docket No. 2, at ¶¶ 7-9; *see also* Docket No. 9, Ex. A.

[15] Docket No. 2, at ¶ 9; *see also* Docket No. 9, Ex. B.

[16] Docket No. 2 at ¶ 11; *see also* Docket No. 9, Ex. B.

[17] Docket No. 2 at ¶ 12; *see also* Docket No. 9, Ex. B.

[18] Docket No. 2, at ¶ 15.

4

> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument; but if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right to exercise any or all of those interests, including but not limited to, the right to foreclose and sell the Property, and to take any action required of Lender including, but not limited to, releasing or canceling this Security Instrument.[19]

Sometime in July 2009, Parsons defaulted under the terms of Note 1.[20] Following Parsons' default, MERS initiated foreclosure proceedings.[21]

On March 11, Parsons transferred the property by a Quit Claim Deed to Commonwealth Property Advocates, LLC ("CPA"). Shortly thereafter on April 16, 2010, CPA filed this suit against MERS seeking both monetary and declaratory relief. On May 24, 2010, Defendant moved this Court to dismiss the Complaint for failure to state a claim for relief under Fed. R. Civ. P. 12(b)(6).

### III. DISCUSSION

#### A. MERS'S AUTHORITY TO FORECLOSE

All of CPA's requests for relief challenge MERS authority to foreclose on Deed of Trust 1 and Deed of Trust 2 on the property. As set forth above, the Deed of Trust states:

> Borrower understands and agrees that . . . MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of [Lender's] interests, including, but not limited to, the right to foreclose and sell

---

[19] *Id.*

[20] *Id.* at ¶¶ 27-28.

[21] *Id.*

5

the Property; and to take any action required of Lender including, but not limited to, releasing and cancelling this Security Instrument.[22]

This Court, per Judge Kimball, interpreting an identical provision, has found that MERS had the authority to initiate foreclosure proceedings, appoint a trustee, and to foreclose and sell the property.[23] Thus, for the same reasons set out in *Burnett*, MERS has the authority to foreclose Deed of Trust 1 and Deed of Trust 2 by the express terms of the Deeds.

This conclusion is not changed by CPA's argument that MERS is no longer a party in interest because the underlying note was securitized by MERS. First, CPA has alleged no factual support to demonstrate that these particular notes were the subject of securitization. Second, even assuming that the specific notes at issue here were the subject of securitization, CPA's arguments ignore the fact that securitization merely creates "a separate contract, distinct from Plaintiff[']s debt obligations under the reference credit (i.e. the Note)."[24] Thus, the separate contract that is the result of securitization does not free Parsons or CPA from the terms agreed upon in Deed of Trust 1 and Deed of Trust 2. Therefore, the Court will grant Defendant's motion to dismiss all of CPA's claims for relief.

---

[22] Docket No. 19, Ex. B, at 3.

[23] *Burnett v. Mortgage Electronic Registration Systems, Inc.*, No. 1:09-CV-69 DAK, 2009 WL 3582294, *4 (D. Utah Oct. 27, 2009).

[24] *Larota-Florez v. Goldman Sachs Mortgage Co.*, 2010 WL 1444026 *6 (E.D. Va. Apr. 8, 2010)

B.   DISMISSAL WITH PREJUDICE

Dismissal under FED.R.CIV.P. 12(b)(6) "fully disposes of the case, and it must therefore be with prejudice."[25]  Because dismissal under 12(b)(6) fully disposes of the case, "[a]s a general matter, a party should be granted an opportunity to amend his claims prior to dismissal with prejudice."[26]  Courts may depart from this general rule, however, when amendment would be futile.[27]  A proposed amendment is futile if the complaint, as amended, would nonetheless be subject to dismissal.[28]  As set forth above, all of Plaintiff's claims hinge on whether MERS has authority to enforce Deed of Trust 1 and Deed of Trust 2.  Having found that MERS has such legal authority by the express terms of the contract, the Court finds that no amount of amendment to Plaintiff's factual allegations could overcome the legal conclusion that Plaintiff's claims are foreclosed by the express terms of the contract.  Therefore, the Court will dismiss Plaintiff's claims against Defendant MERS with prejudice.

IV.  CONCLUSION

It is therefore,

ORDERED that Defendant's Motion to Dismiss (Docket No. 10) pursuant to FED.R.CIV.P. 12(b)(6) is GRANTED.  The hearing set for September 28, 2010, is STRICKEN.  The Clerk of the Court is directed to close this case forthwith.

---

[25] *Sheldon v. Vermonty*, 269 F.3d 1202, 1207 (10th Cir. 2001).

[26] *Id.* at 1207 n.5.

[27] *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007).

[28] *Id.*

DATED September 20, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge